dozen, hemmed or hemstitched, not block-printed by hand, imported subsequent to the effective date of said trade agreement, and that the merchandise is similar in all material respects to that the subject of Abstract 44055, the claim at 45 percent under paragraph 1209 and T. D. 49753 was sustained.

**No. 47852.**—Protests 556466–G, etc., of Colon Hat Corp. et al. (New York).

Opinion by TILSON, J. In accordance with stipulation of counsel and on the authority of *Caradine* v. *United States* (9 Cust. Ct. 69, C. D. 664) the claim at 25 percent under paragraph 1504 (b) (5) was sustained.

**No. 47853.**—Protest 69706–K of Lou I. Lubin, Inc. (New York).

Opinion by TILSON, J. In accordance with stipulation of counsel that the racello hats or hoods are not bleached, dyed, colored, or stained, and not blocked or trimmed, the same in all material respects as those involved in Abstract 47291, the claim at 25 percent under paragraph 1504 (b) (1) was sustained.

**No. 47854.**—Protests 30615–K, etc., of A. Eckstein & Co., Inc. (New York).

Opinion by TILSON, J. In accordance with stipulation of counsel that the racello hats or hoods are not bleached, dyed, colored, or stained, and not blocked or trimmed, the same in all material respects as those involved in Abstract 47291, the claim at 25 percent under paragraph 1504 (b) (1) was sustained.

**No. 47855.**—Protests 643682–G, etc., of W. X. Huber Co. (Los Angeles).

Opinion by KINCHELOE, J. Certain of the cotton rags in question were held entitled to free entry under paragraph 1750 following *United States* v. *Schapiro* (24 C. C. P. A. 343, T. D. 48771) and in accordance with the percentages of paper stock rags contained therein, as stipulated between counsel.

BEFORE THE THIRD DIVISION, DECEMBER 30, 1942

**No. 47856.**—Petition 6184–R of Armand Schmoll, Inc. (New York).

Opinion by KEEFE, J. From the record the court was of the opinion that the error which resulted in entry of the merchandise at less value than that returned upon final appraisment was without any intent to defraud the revenue or to conceal or misrepresent the facts. The petition was therefore granted.

**No. 47857.**—Petition 6185–R of International Trading Co. (Los Angeles).

Opinion by KEEFE, J. From a careful consideration of the case the court was unable to find evidence sufficient to establish that the importer was without intention to defraud the revenue of the United States or to misrepresent the facts or deceive the appraiser. The petition was therefore denied.